### WHEELER *vs.* MILLER.

It is not a sufficient excuse for the omission of a *profert* in a declaration in covenant that the deed on which the action is founded was at the time of its execution delivered to a third person for the benefit of the parties.

It would have been enough if the declaration had·averred that the deed *remained* in the hands of the depositary, and *that the plaintiff could not produce it to the court.* SEMBLE. *Per* BRONSON, C. J.

Wheeler v. Miller.

COVENANT upon a guaranty under seal, executed by the defendant and annexed to articles of agreement between the plaintiff and one T. L. The declaration does not contain any *profert*, but has the following as a substitute: "which said guaranty and agreement of the said defendant, sealed with the seal of the said defendant, the date whereof is, &c. was then and there delivered with the said agreement so as aforesaid made and executed between the said plaintiff and the said T. L. into the custody, care and possession of T. Burroughs for the benefit of the said parties thereto, and which said covenant and guaranty was and is as follows, to wit."

Special demurrer for the want of a *profert*. Joinder.

*M. T. Reynolds*, for the defendant.

*K. Miller*, for the plaintiff.

*By the Court*, BRONSON, Ch. J. The excuse of the pleader for not making *profert* of the deeds on which the action is founded is, that they were at the time of making them delivered into the possession of one Burroughs for the benefit of the parties. That is not enough. It should have been alleged, at the least, that the deeds still remained in the hands of Burroughs, and that the plaintiff could not produce them to the court. It is a good excuse for not making *profert* that the deed has been destroyed, or is in the hands of the opposite party, so that the party pleading the deed cannot produce it. I am not aware that it has ever been held sufficient to say that the deed is in the hands of a third person. But I think that is enough, where the party adds that he cannot produce it. In *White* v. *Montgomery*, (2 *St.* 1198,) the bond on which the suit was brought was in the hands of a third person, and the court made an order that he should give *oyer* of the bond. But he was an attorney over whom the court could exercise summary authority. In this case the plaintiff may have no means of obtaining the agreement from Burroughs, until he can be required to produce it on a *subpœna duces tecum*. To say that the party cannot

excuse the want of *profert* in such a case, might amount to a denial of all remedy.    For where *profert* is properly made, *oyer* cannot be denied; and a demand of *oyer* would put an end to the plaintiff's suit.    But the plaintiff must amend, and either make *profert* or give a more full excuse for omitting it.

Judgment for the defendant.