## TALBOT v. DE FOREST.

A chattel mortgage invests the morgagee with the title to the property which can only be defeated by a compliance with the conditions of the mortgage. Upon a final failure to comply with those conditions the mortgagee becomes absolute owner.

An action of replevin of personal property cannot be maintained by a mortgager against the sheriff, when the property was levied by direction of the mortgagee upon an execution against both him and the mortgager.

APPEAL *from Johnson District Court.*

*Opinion by* GREENE, J. Replevin by Talbot against DeForest, as sheriff of Johnson county, commenced before a justice of the peace, for a horse and wagon. The defendant recovered judgment before the justice of the peace, and also on appeal in the district court.

The following facts are disclosed by the bill of exceptions: In July, 1852, Talbot executed to Geo. Andrews, a chattel mortgage, including among other things the horse and wagon in question. The mortgage sale was to be rendered void upon condition that Talbot should pay certain accounts and claims specified in the instrument, including a note of hand to Dr. Morsman, due August 1, 1851, and signed by Andrews as security. Before that note became due, Andrews purchased unconditionally of Talbot, all the property named in the mortgage, except the horse and wagon, with the understanding that they were to remain under mortgage, subject to the payment of said note. Talbot having failed to pay the note, judgment was recovered against him and Andrews for the amount. Subsequently, DeForest, as sheriff, levied an execution in favor of the state of Iowa against said Talbot and Andrews, on said horse and wagon, as the property of Geo. Andrews, and by his direction. This property at the time of the levy, was in Talbot's possession, and had been from the date of the mortgage.

Upon these facts, it is urged that there was error in the

Talbot *v.* DeForest.

decision of the court below. Many abstract propositions of law are urged by appellant's counsel in support of his views, but we cannot regard them as applicable to the facts before us. The only legal point to be decided is, was the sheriff justified in taking the property by virtue of the execution against Talbot and Andrews. In this, we think the sheriff was justified for two reasons.

1. The title to the horse and wagon was in Andrews, by virtue of the mortgage to him from Talbot. Andrews' rights in the property were subject to be defeated by Talbot's compliance with the conditions of the mortgage, but the facts in the case show that Talbot had failed in that particular, and upon such failure, Andrews became the absolute owner.

That personal property is vested in the mortgager under such circumstances, is fully shown by the authorities. *Melody v. Chandler*, 3 Fairf., 282 ; *Montgomery* v. *Kerr*, 1 Hill S. C. 291 ; *Hopkins* v. *Thompson*, 2 Port., 433; 7 Cowen, 290; 1 Pick., 389; 6 Gil. and John., 72; 3 Gil., 455; 6 Pick., 610; 8 John., 96; 4 Kent Com., 138; Story on B., 197. In New York and other states, the doctrine prevails that the mortgagee of personal property, upon the failure of the mortgager to perform the conditions of the mortgage, acquires an absolute title to the property. 9 Wend., 80; 2 Denio, 172; 6 Shep., 357; 2 Greene, 8. At least the legal right to the property in question was *prima facie* in Andrews, and he had a right to assume possession by pointing it out to the officer as his property. Nor could the mortgagor dispute the right of mortgagee. 3 Dev., 98 4 Blackf., 425; 13 Shep., 499.

2. But the execution in this case was as much against Talbot as Andrews, and hence if T. had any right in the chattels, the sheriff was justified in appropriating that right in satisfaction of the execution. As there appears to have been no other claimants to the property, and as the execution was equally against the mortgager as well as the mort-

gagee, we cannot discover the slightest foundation for the action of replevin against the sheriff.

Judgment affirmed.

*Jas. Harlan*, for appellant.

*Wm. Penn Clark*, for appellee.