### LATHERS v. HUNT.

*(Common Pleas of New York City and County, General Term.   April 7, 1890.)*

CHATTEL MORTGAGE—POSSESSION—ACCORD AND SATISFACTION.

   To secure payment of his rent defendant executed to plaintiff a mortgage upon furniture contained on the premises. The mortgaged chattels having been abandoned by defendant, plaintiff assumed possession thereof. *Held*, that this did not operate as a satisfaction of the mortgage debt so as to preclude plaintiff from maintaining an action to recover thereon.

Appeal from trial term.

Action by Richard Lathers against Jacob H. Hunt.   There was judgment for defendant, and plaintiff appeals.

Argued before LARREMORE, C. J., and DALY and BISCHOFF, JJ.

*Joseph Walmsley*, for appellant.   *L. B. Bunnell*, for respondent.

BISCHOFF, J.   Defendant, being indebted to plaintiff in the sum of $150 for rent of a flat at 179 East Ninety-Third street in the city of New York, and intending to secure the payment thereof, executed and delivered to the plaintiff a mortgage upon certain household furniture and carpets contained in the premises.   The mortgaged chattels having been abandoned by defendant, plaintiff assumed possession thereof, and, while still in such possession, brought this action to recover from the defendant the amount of arrears of rent, to secure the payment of which the mortgage was given.   Upon the trial the defendant contended that the possession of the mortgaged chattels by the mortgage operated as a satisfaction of the mortgage debt, and the trial justice, sustaining defendant's contention, rendered judgment in his favor.

At common law possession of the mortgage chattels by the mortgagee was essential to the validity of the mortgage.   This is still the law of this state in the case of mortgages not filed as prescribed by statute, such filing being allowed only as a substitute for possession by the mortgagee, and there is nothing in the statute which prevents the mortgagee from filing his mortgage and having possession of the mortgaged chattels as well.   See Laws 1833, c. 279; 3 Rev. St. (Banks' 7th Ed.) p. 2249, § 1.   So also at common law, which remains unchanged, the mortgagee of chattels could proceed in three distinct methods to recover the mortgage debt.   He could bring an action at law for the amount, and sell the mortgaged chattels under the judgment obtained therein, or he could bring an action to foreclose the mortgage or sell the chattels under a power of sale expressly conferred by the terms of the mortgage. Herm. Chat. Mortg. p. 484, §§ 206, 207; Freem. Chat. Mortg. 488; *Elder* v. *Rouse*, 15 Wend. 218; *Sterling* v. *Rogers*, 25 Wend. 658.   "A mortgagee does not lose his right to the mortgaged property by obtaining judgment on the mortgage note and then seizing it on execution.   The property is pledged as security for the debt, and is not taken as a liquidation of it, and a judgment, while it may be a merger of the note so that no other action can be maintained on it, will not extinguish the security that remains as security for the debt, no matter what form it takes, until the debt itself is extinguished." Herm. Chat. Mortg. p. 487, § 207.   And the principle governing the relative rights and obligations of mortgagor and mortgagee in this respect are not distinguishable from those governing the rights of pledgeor and pledgee, and the latter can maintain an action on the debt without offering to return the collateral.   *James* v. *Hamilton*, 63 N. Y. 616.   Defendant having conceded his indebtedness to the plaintiff in the amount claimed, it follows from the fore-

going that plaintiff should have judgment. Judgment reversed, with costs, and new trial ordered.

LARREMORE, C. J., concurs.

DALY, J. It is undoubtedly true that a conversion by the mortgagee of mortgaged property entitles the mortgagor to a credit upon the debt to the extent of the value of the property so converted. *Small* v. *Manufacturing Co.*, 2 N. Y. 339. But there is no proof of conversion in this case. If the allegations of the answer be taken as averments of conversion, still no evidence was offered that sustains them. There was no conversion of the furniture when the tenant moved out, leaving it in the flat and in the possession of Mrs. Bryan, to whom he gave express permission to use it while she occupied the premises. After she moved away in July, 1888, the plaintiff took possession of it and placed it in other flats, sending the carpets to be cleaned. He had a right to possession, and his act in taking possession did not satisfy the debt, as Judge BISCHOFF has pointed out. There is no proof that the furniture was subsequently let with any other apartment, or used by the plaintiff, or by any person with his consent. I concur that the judgment should be reversed, with costs, and a new trial ordered.