## LATHERS *v.* HUNT.

*(Common Pleas of New York City and County, General Term.　July 18, 1890.)*

1. CHATTEL MORTGAGES—MORTGAGEE'S POSSESSION—SATISFACTION.

The fact that a landlord, who holds a chattel mortgage on household furniture belonging to his tenant as security for rent, takes possession of the furniture on its abandonment by the tenant, and cares for it, does not amount to an appropriation of the property in satisfaction of the mortgage debt.

2. LANDLORD AND TENANT—RENT—CONVERSION OF TENANT'S PROPERTY—EVIDENCE.

In an action for the rent, where the tenant sets up as a defense a conversion of the mortgaged property, it is error to exclude the landlord's testimony that he never used the property or allowed others to use it, and that he had never reaped any advantage from its possession.

3. SAME—MEASURE OF DAMAGES.

Even if the landlord had converted the property to his own use, he would only be chargeable with its value at the time of the appropriation, in the absence of any evidence that he took it in full satisfaction of his debt; and the exclusion of testimony as to the value of the property is error.

Appeal from the eleventh district court.

Action for rent by Richard Lathers against Jacob H. Hunt. Defendant had a judgment for costs, and plaintiff appeals. For former report, see 9 N. Y. Supp. 494.

Argued before ALLEN and BOOKSTAVER, JJ.

*Joseph Walmsley,* for appellant.　*L. B. Bunnell,* for respondent.

BOOKSTAVER, J.　The action was brought by the plaintiff to recover the sum of $150 due from the defendant for the rent of a certain flat in East Ninety-Third street. The answer practically admitted the rent due, but set up that the defendant, in order to secure its payment, executed to plaintiff a chattel mortgage on certain furniture and carpets then in the flat in question; that the plaintiff afterwards took possession of the same, and used it, and had derived great benefit from such use, while the defendant had suffered damage by reason thereof; and sought to offset or counter-claim the damage against the rent.　It also set up as a separate defense that the plaintiff had exercised his right to foreclose the chattel mortgage by assuming and exercising the right of ownership since about the month of October, 1887, and had thereby discharged the defendant from all obligation for the rent in question.

Appellant contends that certain letters written by Richard Lathers, Jr., were improperly admitted in evidence under the well-settled rule that the declaration of a man cannot be given in evidence to prove that he is the agent of another; but, while they were not competent for that purpose, we think they were properly admitted as a part of the *res gestœ,* all of them having been written in relation to the matters in controversy, and his agency having been sufficiently proven by other evidence. He, and he alone, let the flat to the defendant; he collected the rent, and gave receipts therefor.　When the rent fell in arrear he required security, rejected certain stocks offered, and selected the furniture, etc., to be included in the chattel mortgage; had that drawn up in his own name, although there was no other debt than for rent due either the plaintiff or the younger Lathers, and the latter must be held to have acted for the plaintiff in that matter.　So, too, when the defendant was about to give up the flat, he was consulted about letting Mrs. Bryan, an inmate of defendant's family, have the same for the remainder of defendant's term, and afterwards let the same to her for a new term.

But, when this case was before this court on a former appeal, (9 N. Y. Supp. 494,) we held that there was no conversion of the mortgaged property when the defendant moved out of the flat leaving it in possession of Mrs. Byran, to whom he gave the express permission to use it while she occupied the premises in his place, or afterwards, when the plaintiff let the flat to her for a new

term; and on the present trial that view is confirmed by the oral testimony given on plaintiff's behalf and the lease introduced in evidence, which clearly shows it was of the flat alone, and that the property in question simply remained as defendant had left it.    After Mrs. Bryan left the flat in July, 1888, and abandoned the property, the plaintiff took possession of the flat, and put the property in other and unoccupied apartments in the same or adjoining house, and sent the carpets to be cleaned.    He had a right, and it was his duty, to care for the property so abandoned, and his taking such possession under the circumstances did not satisfy the debt, or amount to an appropriation of the property towards that purpose, as pointed out in the opinions delivered on the former appeal; and, if we were warranted in reversing the judgment then for these reasons, defendant's case is certainly no stronger on this appeal, and the judgment must be reversed again.

Under the opinions then delivered by the court, and the issues raised by the pleadings, it was essential that the defendant show a conversion of the mortgaged property on the part of the plaintiff, or an appropriation of it to the full or partial payment of his claim.    It was just as material and important for the plaintiff to present any evidence which would tend to disprove either of these facts, yet, when he undertook to show that he had never converted or appropriated it, that he had never used it himself or allowed others to use it, that he had never let it together or with other furniture, and had never reaped any advantage from its possession, the court below, on defendant's objection, refused to permit him to do so, although we think such testimony went to the very gist of the defense interposed, and it was error to exclude it.    It is in vain that the respondent seeks to have us draw inferences from isolated facts, after excluding such evidence.

We also held on the former appeal that, if there had been a conversion or an appropriation of the property, that would have entitled the respondents to a credit upon the debt to the extent of the value of the property so converted; yet on this trial the court below excluded all testimony of such value either at the time the mortgage was given or at an subsequent time.    This, we think, was clearly error, for the plaintiff is only chargeable with value of the property at the time of the appropriation, unless, indeed, he took it in full satisfaction of his debt, of which there is no proof in the return in this case. The judgment should therefore be reversed, and a new trial ordered, with costs of this appeal to the appellant to abide the event.