(16 Misc. Rep. 72.)

### BEADLESTON & WOERZ v. MORTON et al.

(Supreme Court, Appellate Term, First Department. February 26, 1896.)

ACCORD AND SATISFACTION — CHATTEL MORTGAGE — SEIZURE OF PROPERTY BY MORTGAGEE.

    Defendants purchased saloon property, assuming a chattel mortgage thereon held by plaintiff as security for rent, and took from the mortgagor an assignment of the lease, promising plaintiff that they would pay the rent, and that on default plaintiff might foreclose the mortgage. After several installments of rent were due and unpaid, defendants sold out to a third person, who attempted to remove the mortgaged property, whereupon plaintiff took possession thereof. *Held*, that such taking, being merely to protect the security, did not operate as a satisfaction of the mortgage debt.

Appeal from Third district court.

Action by Beadleston & Woerz, a corporation, against Henry Morton and others. From a judgment for plaintiff, defendants appeal. Affirmed.

Argued before McADAM and BISCHOFF, JJ.

Hays & Greenbaum, for appellants.
Guggenheimer, Untermyer & Marshall, for respondent.

McADAM, J. The defendants purchased the saloon No. 9 Murray street, on which there was a chattel mortgage held by plaintiff, a domestic corporation. The mortgage was made by the former proprietor, Gertrude A. Fox, for the sum of $6,750, and covered the lease, goods, chattels, and fixtures of the place. The plaintiff entered into a written agreement with the defendants by which certain clauses in the mortgage were modified, and the time of payment extended, and the defendants assumed the mortgage, to the extent of $2,400. By the third paragraph of said agreement, defendants promised to promptly pay on the 1st day of each month, in advance, all rent to accrue under a certain indenture of lease made by the plaintiff to said Gertrude A. Fox, of which the defendants were the assignees, and agreed that, if default should be made in the payment of such rent, it should be the privilege of the plaintiff, at its option, to immediately demand payment of said mortgage, and, in default thereof, foreclose the same. Thus, the defendants were more than guarantors. They assumed the debt, made it their own, and unconditionally agreed to discharge it. The first installment of rent became due May 1, 1895, and the second on the following June 1st, and neither was paid. The answer was a mere general denial, and there was no plea of payment, or of accord and satisfaction, and no evidence that would have justified either. Some time in June the defendants gave up possession of the premises, without notice to the plaintiff. It then appeared that they had sold out to another party. About a week or 10 days after defendants' vendee went into possession he moved out, and attempted to take with him part or all of the property and fixtures mortgaged to the plaintiff. The plaintiff thereupon sent Mr. Pottberg down to the place, for the purpose of restraining defendants' assignee from taking the property on which it held the mortgage. Mr. Obermeier, one of the defendants, was also present, and picked out goods belonging to them. After the removal of defendants' vendee the mortgaged property was left in the building, and the place closed up.

Appellants claim that the effect of taking possession of the property is to satisfy the plaintiff's debt, or to suspend all remedies thereon until the property is sold by foreclosure, the equity of redemption extinguished, and the amount of deficiency ascertained, and that for such deficiency, and no other, the defendants are liable. The appellants cite Olcott v. Railroad Co., 40 Barb. 179; Id., 27 N. Y. 546; but there the property had been sold, bought in by the mortgagee, and the proceeds of sale credited on the mortgage debt. No sale has been had here, and there is no evidence that the value of the chattels equals or exceeds the debt, or would be likely to satisfy it if a sale were had. The respondent, on the other hand, contends that, in taking possession of the mortgaged property upon the attempted conversion of it by the defendants' assignee, the plaintiff was merely exercising its rights to protect the

mortgage security, and that such possession did not in any way operate as an accord and satisfaction of the debt. The case is somewhat similar to Lathers v. Hunt (Com. Pl.) 9 N. Y. Supp. 494. There the mortgaged chattels consisted of furniture mortgaged to secure rent due upon the premises. The mortgagor abandoned the property, and the plaintiff assumed possession of it, and, while thus in possession, brought his action to recover from the defendant the amount of arrears of rent to secure the payment of which the mortgage was given. Upon the trial, defendant contended that the possession of the mortgaged chattels by the mortgagee operated as a satisfaction of the mortgage debt. The trial justice sustained the contention, and rendered judgment in favor of the defendant, from which an appeal was taken, and the decision of the court below reversed, upon the ground that the action was maintainable. The plaintiff in this action, as in Lathers v. Hunt, supra, took possession of the chattels for the purpose of protecting them, rather than in the exercise of any option of foreclosure. The promise made by the defendants being an unconditional one, to pay $2,400, in monthly installments of $100 each, we think the justice properly rendered judgment in favor of the plaintiff. Whatever sums the defendants pay will go in mitigation of the debt they assumed, and, when the plaintiff exercises its option of foreclosure, reduce the deficiency, if there be one, or increase the surplus, if any, arising from the sale. The mortgaged property being saloon fixtures, of precarious value, the plaintiff is probably awaiting a favorable opportunity before attempting a sale at which the property may be sacrificed. The judgment must therefore be affirmed, with costs.