(40 Misc. Rep. 303.)

### M. GROH'S SONS v. FELDMAN et al.

(Supreme Court, Trial Term, New York County. March, 1903.)

1. CHATTEL MORTGAGE—PAYMENT.

Where a vendor, after taking an oath for the goods secured by a chattel mortgage on default, takes the goods under the mortgage, and retains them instead of selling them, there is a payment of the debt to the extent of their value.

Action by M. Groh's Sons against Henry Feldman and others. Motion for judgment on the pleadings. Action restored to day calendar.

Gratz Nathan, for plaintiff.
Engel, Engel & Oppenheimer, for defendants.

SCOTT, J. Both parties move for a judgment on the pleadings. The action is upon a promissory note payable on demand. The defendants show, by way of defense, that the plaintiff sold to them certain chattels and fixtures at an agreed price, whereupon the defendants gave to plaintiff the promissory note in suit, and executed a chattel mortgage covering the fixtures sold, as security for the payment of the note; that afterwards the plaintiff took possession of and carried away the chattels, and kept and retained the same for its own use, and in full satisfaction and discharge of the obligation set forth in said promissory note and mortgage. It is further alleged that, at the time of taking, the chattels taken were worth the full sum of the indebtedness. The defendants also interpose a counterclaim, upon the same state of facts, for the alleged value of the chattels. It is obvious that the counterclaim cannot succeed, for the plaintiff had the right, under the mortgage, to take possession of the chattels, and all that remains to defendants is the right to redeem by paying the debt.

A more serious question is presented by defendants' motion to dismiss the complaint, and plaintiff's counter motion for judgment not-

¶ 1. See Chattel Mortgages, vol. 9, Cent. Dig. § 505.

withstanding the answer.   This is, in effect, a demurrer to the answer that it does not state facts constituting a defense.   The plaintiff, in its reply, has contented itself with answering the counterclaim.   The defendants insist that, by taking and retaining the chattels without any sale, the plaintiff has satisfied the debt.   The rule is not so broad. In Case v. Boughton, 11 Wend. 106, it was held that when a mortgagee takes possession of a mortgaged chattel, after failure to perform the condition of the mortgage, the debt is thereby satisfied, providing the chattel be of sufficient value for the purpose.   To the same effect is Stoddard v. Denison, 38 How. Prac. 303.   It was said by the General Term in Third National Bank v. Shields, 55 Hun, 274, 8 N. Y. Supp. 298, that the presumption of payment, at least to the true value of the mortgaged property taken possession of by the mortgagee after default, attaches when the mortgagee refuses to sell the property. It is true that where the failure to promptly sell is due to some cause beyond the control of the mortgagee, as where a third party claims ownership of the mortgaged chattels, the mortgagee is not called upon to postpone the collection of his debt by action until the controversy as to the ownership is settled.   But no such circumstance appears in this case.   Nor does it appear that the defendants had abandoned the chattels as was made to appear in Lathers v. Hunt (Com. Pl.) 9 N. Y. Supp. 494, and Beadleston & Woerz v. Morton, 16 Misc. Rep. 72, 37 N. Y. Supp. 663.   I find nothing in the later authorities to qualify the rule laid down in Case v. Boughton, supra, unless where particular circumstances appear, excusing a delay in selling, or where it is apparent that the only reason for taking possession of the chattels was to prevent loss of the security.   It is true that the plaintiff, in its reply, undertakes to assert that the chattels were taken under the so-called "danger clause" of the mortgage, but in the same breath it also asserts that the mortgage debt was overdue.   In any event, the reply is, by its own terms, made applicable only to the counterclaim, and not to the defenses.   I feel constrained to hold that the taking and retaining possession of the mortgaged chattels after default was a payment of the debt to the extent of the value of the chattels taken.   This value is alleged by defendants to be equal to the full amount of the indebtedness, and for the purposes of this motion that allegation must be taken as true.

For the purposes of the determination of the rights of the parties, the plaintiff is deemed to have denied the allegations of the answer to which it was not required to reply.   Code Civ. Proc. § 522.   It must therefore be deemed to have denied the allegation that the chattels taken and retained are worth the full amount of the debt.   I do not understand that by moving for judgment on the pleadings the plaintiff waived the right to controvert the allegations of the answer.   It may still show either that it did not take and retain the chattels, or that they were worth less than the amount of the note.   For this purpose the action will be restored to the day calendar for Monday, March 16, 1903.

Ordered accordingly.