(78 Misc. Rep. 413.)

LEVY et al. v. REICH.

(Supreme Court, Appellate Term, First Department. December 6, 1912.)

1. COURTS (§ 188*)—MUNICIPAL COURT OF NEW YORK—JURISDICTION.
　　A suit on the debt secured by a chattel mortgage, given by an owner to obtain money to pay off a mortgage given by a former owner, is not a suit founded on a mortgage to secure the purchase price, of which the Municipal Court is forbidden to take jurisdiction by Municipal Court Act (Laws 1902, c. 580) § 139.
　　[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 437–468; Dec. Dig. § ·188.*]

2. CHATTEL MORTGAGES (§ 240*)—SATISFACTION—TAKING POSSESSION.
　　Where a chattel mortgagee, instead of foreclosing, takes possession of the chattels, the debt is satisfied, if the value of the property is sufficient for that purpose.
　　[Ed. Note.—For other cases, see Chattel Mortgages, Cent. Dig. §§ 505, 506; Dec. Dig. § 240.*]

Appeal from Municipal Court, Borough of Manhattan, Sixth District.

Action by Joseph Levy and another against Nathan J. Reich. Judgment for defendant, and plaintiffs appeal. Reversed.

Argued November term, 1912, before LEHMAN, PAGE, and HOTCHKISS, JJ.

Jacob I. Wiener, of New York City, for appellants.
Julius Riedler, of New York City, for respondent.

PAGE, J. [1] The action was brought on the original debt, as security for the payment of which a chattel mortgage had been given. The fixtures had been purchased from Ringelheim, subject to a mortgage held by the plaintiffs, on which there was due $54.84. Subsequent to the purchase of the fixtures the defendant borrowed $100 from plaintiffs, $54.84 was applied in satisfaction of Ringelheim's mortgage, and the balance paid to defendant. As this was not "a chattel mortgage made to secure the purchase price of chattels," section 139 of the Municipal Court Act did not apply. The learned justice below based his

decision soley upon the ground that the court did not have jurisdiction of the cause of action.

[2] The mortgage was payable on demand. No demand for payment, which put defendant in default, was shown, although it might be inferred from some of the testimony that such a demand had been made. The plaintiffs, without foreclosure, took the chattels into their possession, and evidently disposed of them at private sale to a second-hand dealer for $30. This sum they credited upon the debt. Defendant was credited, also, with $10.50 for merchandise sold to plaintiffs. They bring this action, not to recover the deficiency, because, there having been no foreclosure, the deficiency had not been ascertained. Where, however, the mortgagee, instead of foreclosing the mortgage, takes possession of the chattels pledged, the debt is thereby satisfied, providing the chattels be of sufficient value for the purpose. Case v. Boughton, 11 Wend. 106; Stoddard v. Denison, 38 How. Prac. 303; M. Groh's Sons v. Feldman, 40 Misc. Rep. 303, 304, 81 N. Y. Supp. 970. It will become necessary to ascertain the true value of the chattels. If it equals or exceeds the debt, the complaint will be dismissed. If it is less than the debt, the plaintiffs should have judgment for the balance. The evidence on this point being contradictory, there will have to be a new trial.

Judgment reversed, and new trial granted, with costs to the appellants to abide the event. All concur.