(85 Misc. Rep. 389)

### BLOOMINGDALE et al. v. GAUDIO.

(Supreme Court, Appellate Term, First Department. May 7, 1914.)

1. COURTS (§ 188*)—JURISDICTION OF MUNICIPAL COURT—INSTALLMENTS ON CONDITIONAL SALE.

Under Municipal Court Act (Laws 1902, c. 580) § 139, providing that no action on a written contract of conditional sale of personal property shall be maintained in that court, but that an action may be maintained for installments, an action to recover unpaid installments upon the purchase price of a piano secured by a purchase-money chattel mortgage was maintainable therein.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 412, 439, 440, 442, 447, 448, 451, 452, 454, 458, 464, 465, 467, 468; Dec. Dig. § 188.*]

2. CHATTEL MORTGAGES (§ 165*)—MORTGAGEE'S RIGHT TO RETAKE AND SELL.

Where goods sold subject to a chattel mortgage are abandoned by the mortgagor, the mortgagee may retake possession, sue for the amount unpaid, hold the goods as security for his claim, and sell them under his execution.

[Ed. Note.—For other cases, see Chattel Mortgages, Cent. Dig. §§ 297–300; Dec. Dig. § 165.*]

3. CHATTEL MORTGAGES (§ 240*)—SATISFACTION—TAKING POSSESSION.

It is only where the mortgagee appropriates a retaken chattel to his own use that the mortgage debt is satisfied by his possession of it.

[Ed. Note.—For other cases, see Chattel Mortgages, Cent. Dig. §§ 505, 506; Dec. Dig. § 240.*]

Appeal from Municipal Court, Borough of Manhattan, Sixth District.

Action by Samuel J. Bloomingdale and others, copartners doing business under the firm name and style of Bloomingdale Bros., against Gaetano Gaudio. Judgment for defendant, and plaintiffs appeal. Reversed, and judgment awarded to plaintiffs.

*For other cases, see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Argued April term, 1914, before GUY, PAGE, and WHITAKER, JJ.

November & Jaffe, of New York City (Kevie Jaffe, of New York City, of counsel), for appellants.

P. Francis Marro, of New York City, for respondent.

GUY, J.  This action was brought to recover $437 unpaid installments upon the purchase price, $475, of a piano, to secure the payment of which defendant executed a purchase-money chattel mortgage.  The purchase money was payable in installments at the rate of $8 per month.  The sale took place in December, 1912.  In May, 1913, defendant moved to Philadelphia, and plaintiffs, finding the piano in the possession of a stranger, with only $38 of the purchase price paid, took it into their custody.  Plaintiffs claim to hold the piano as trustee for the defendant.  The security clause in the mortgage authorized the mortgagees, in the event of any default, or of the property coming into the possession of any third person, to take and carry away the chattel, sell and dispose of it at public or private sale, with or without notice, and render any overplus to the mortgagor, who covenanted to pay any deficiency.  On July 17, 1913, plaintiffs notified defendant that the piano which he deserted had been placed in storage for his account under the security clause of the contract.

The trial justice dismissed the complaint, holding that the chattel mortgage did not authorize plaintiffs to take the piano, store it for defendant's account, and then sue him for the entire unpaid balance of the purchase price; that defendant's failure to answer plaintiffs' letter, notifying him what they were going to do, was not an assent to a modification of the chattel mortgage; and that defendant's only liability was for the deficiency, if any, on a sale.

[1]  The action, not being upon a contract of conditional sale where title is only to vest upon full payment, but being one to recover installments due, is maintainable.  Municipal Court Act, § 139; Toledo Computing Scale Co. v. Borick, 64 Misc. Rep. 63, 65, 117 N. Y. Supp. 914.

[2]  Where goods sold subject to a chattel mortgage are abandoned by the mortgagor, the mortgagee may retake possession, sue for the amount unpaid, hold the goods as security for his claim, and sell them under his execution, if the latter is not otherwise satisfied. Lathers v. Hunt, 9 N. Y. Supp. 494; Beadleston & Woerz v. Morton, 16 Misc. Rep. 72, 73, 74, 37 N. Y. Supp. 663; Gourd v. Healy, 206 N. Y. 423, 433, 99 N. E. 1099.

[3]  It is only where the mortgagee appropriates a retaken chattel to his own use that the mortgage debt is satisfied by his possession of it.  Levy v. Reich, 78 Misc. 413, 414, 138 N. Y. Supp. 419.

Judgment reversed, with costs, and judgment awarded to plaintiffs for $437, besides costs.  All concur.